IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CV-551-D

| | |
|---|---|
| RONALD WRIGHT, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER and** |
| ) | **MEMORANDUM AND** |
| ASHLEY HUGGINS, SHANTA DUNN, ) | **RECOMMENDATION** |
| CHAVON GARVEY, and ) | |
| SCOTT BANGERT, ) | |
| ) | |
| Defendants. ) | |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2) (D.E. 1) by plaintiff Ronald Wright, II ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. Each is addressed in turn below.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

The court finds that plaintiff has adequately demonstrated his inability to pre-pay the required court costs. His motion is therefore ALLOWED.

## FRIVOLITY REVIEW

The law requires the court to review a case brought *in forma pauperis* to determines whether it meets the standards relating to frivolity in 28 U.S.C. § 1915(e)(2)(B) and to dismiss the case if it fails to meet any of these standards. Based on the court's frivolity review, it will be recommended that the case be dismissed.

### I. BACKGROUND

Plaintiff's complaint consists of a three-page form completed in handwriting with three

additional handwritten pages attached. (Compl. (D.E.1-2)). Plaintiff has supplemented the complaint with a right to sue letter issued by the Equal Employment Opportunity Commission (D.E. 1-3), a one-page handwritten statement in which he appears to further explain the basis of the action he seeks to file (D.E. 3 at 1), and eleven pages of emails related to his employment (*id.* at 2-12).

In his complaint, plaintiff alleges that he was unfairly terminated from his employment with Affiliated Computer Services, Inc. ("ACS") (Compl. 1, 5, 6), apparently at its location in Raleigh, North Carolina (*see, e.g., id.* 1, 3, 6). Three of the named defendants, Shanta Dunn, Chavon Garvey, and Scott Bangert, are identified by plaintiff as his managers at ACS. (*Id.* 3, 4, 5). The remaining defendant, Ashley Huggins, is identified in the complaint only as "Labor & Employment Paralegal." (*Id.* 1). Plaintiff alleges, among other things, that during his employment with ACS, he did not receive proper training, the computer system he was required to use did not work properly, the workplace was improperly managed, and management personnel changed frequently. (*Id.* 2-6). The essence of plaintiff's claim is that he was unfairly terminated because the computer system failed and, therefore, he was "fired for no reason." (*Id.* 3, 6). He states that "because of [North Carolina's] fire at will policy employers abuse and manipulate & terminate employees with no conscious [sic] of how people will survive from unexpected changes." (*Id.* 6). Plaintiff further states that "[i]t is unfair people lose their job because of lack of training and people being greedy." (*Id.* 3). Plaintiff seeks relief in the form of an apology, $150,000.00 of stock in ACS, and a "change to the public policy of fire at will." (*Id.*).

2

## II. DISCUSSION

### A. Legal Standards Applicable in a Frivolity Review

The court must dismiss a case brought *in forma pauperis* if it determines that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see Denton v. Hernandez*, 504 U.S. 25, 28 (1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court is not permitted to dismiss a claim as frivolous merely because the supporting allegations seem unlikely to have occurred. *Denton*, 504 U.S. at 33. The failure to state a claim standard is the familiar one under Fed. R. Civ. P. 12(b)(6). *See, e.g., Sewraz v. Nguyen*, Civ. Act. No. 3:08CV90, 2010 WL 517898, at *1 (E.D. Va. 10 Feb. 2010).

Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that plaintiff's claims are not clearly baseless, the court must weigh plaintiff's factual allegations in his favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

More particularly, under Federal Rule of Civil Procedure 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and]

3

a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Todd v. Geneva Convention*, No. 3:08-660-MBS, 2008 WL 1339835, at *6 (D.S.C. 9 Apr. 2008) (holding in review for frivolousness that plaintiff must offer more detail than simply listing conclusory legal terms in order to support a claim).

A court may consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal).[1] "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter

---

[1] *See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case.").

4

jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

One basis for subject matter jurisdiction, so-called federal question jurisdiction, is that a claim arises under the constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Another basis is diversity of citizenship or so-called diversity jurisdiction. *Id.* § 1332. It requires, among other things,[2] that all plaintiffs and all defendants be citizens of different states. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). There are also statutes conferring jurisdiction for particular types of cases.

B.     **Lack of Federal Question Jurisdiction**

Plaintiff has cited no federal law as a basis for his claims. After careful consideration, the court finds that the complaint fails to state a claim under any federal law conceivably implicated by the allegations in it. These laws include Title VII of the Civil Rights Act of 1964, which makes it unlawful "for an employer to . . . discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Failing to come under Title VII, plaintiff has not alleged or even implied that his employment was terminated because of his race, color, religion, sex, or national origin. *See Garcia v. Gloor*, 618 F.2d 264, 269 (5th Cir. 1980) (clarifying that Title VII "does not prohibit all arbitrary employment practices. . . . It is directed only at specific impermissible bases of discrimination race, color, religion, sex, or national origin."). The other statutes under which plaintiff has not stated a claim include the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623(a) (making

---

[2] Because the diversity requirement is not met, as explained below, the court need not address further the requirements of diversity jurisdiction.

it unlawful for an employer to take adverse action against an employee "because of such individual's age") and the Americans with Disabilities Act of 1990, as amended ("ADA") 42 U.S.C.A. § 12101 *et seq.* (prohibiting employment discrimination against qualified individuals with disabilities). Because the complaint fails to allege any claim arising under the Constitution, laws, or treaties of the United States, the court concludes that the complaint fails to adequately allege federal question jurisdiction.

### C. Lack of Diversity Jurisdiction

Absent any claims arising under federal law, the court would only have subject jurisdiction over any state law claims raised by plaintiff by operation of diversity jurisdiction. As discussed above, for diversity jurisdiction to exist all plaintiffs and all defendants must be citizens of different states. *See Owen Equip.*, 437 U.S. at 372-74. Plaintiff, a North Carolina resident (*see* Compl. 1), has not alleged that each of the defendants is a citizen of a state other than North Carolina. To the contrary, his complaint suggests that the three defendant managers, Dunn, Garvey, and Bangert, were North Carolina residents by alleging, albeit not clearly, that they all worked at the Greene Road office of ACS in Raleigh, North Carolina. (*Id.* 1, 3, 4, 5, 6; *see also* D.E. 3, pp. 3, 4, 9, 10 (emails listing Bangert's office number as having a 919 area code). Plaintiff thus has failed to meet his burden of establishing the court's diversity jurisdiction. *See Adams*, 697 F.2d at 1219. It will therefore be recommended that any state law claims raised by plaintiff in his complaint be dismissed for lack of subject matter jurisdiction.

### III. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that all of plaintiff's claims be DISMISSED. The Clerk shall send copies of this Memorandum and Recommendation to the

respective parties or, if represented, their counsel, who have 14 days, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This, the 10th day of March, 2010.

James E. Gates
United States Magistrate Judge