IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-551-D

| | | |
|---|---|---|
| RONALD WRIGHT, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ASHLEY HUGGINS, SHANTA DUNN, | ) | |
| CHAVON GARVEY, and SCOTT BANGERT, | ) | |
| | ) | |
| Defendants. | ) | |

On December 23, 2009, pro se plaintiff filed a motion to proceed in forma pauperis and a proposed complaint [D.E. 1]. On March 11, 2010, United States Magistrate Judge Gates issued an Order and Memorandum and Recommendation ("M&R") [D.E. 5]. In the M&R, Judge Gates allowed plaintiff's motion to proceed in forma pauperis and conducted a frivolity review of plaintiff's complaint. In the M&R Judge Gates recommended that plaintiff's complaint be dismissed due to the absence of federal jurisdiction. Id. On April 1, 2010, plaintiff filed an objection to the M&R [D.E. 6].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quotation omitted, emphasis removed, and alteration in original). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objection to the M&R. In the objection, plaintiff states that he intended to sue his former employer Affiliated Computer Services, Inc. ("ACS") and four former ACS co-workers for terminating his employment due to discrimination based on his race and sex in violation of Title VII. Thus, he contends that this court has federal question jurisdiction.

A plaintiff's complaint must allege facts that support a plausible claim for relief. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Moreover, although the court "take[s] the facts in the light most favorable to the plaintiff," it "need not accept the legal conclusions drawn from the facts [or] unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quotations omitted); see Ashcroft, 129 S. Ct. at 1949–50. Furthermore, a court need not accept an allegation of federal subject-matter jurisdiction and instead must ensure that subject-matter jurisdiction exits. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Burgess v. Charlottesville Sav. & Loan Ass'n, 477 F.2d 40, 43–44 (4th Cir. 1973).

In objecting to the M&R, plaintiff clarifies that he seeks to sue ACS and four former co-workers for race and sex discrimination under Title VII. Of course, a plaintiff cannot amend his complaint in an objection to an M&R. Cf. Fed. R. Civ. P. 15. Thus, in analyzing subject-matter jurisdiction the court focuses on the complaint.

In considering the issue of subject-matter jurisdiction, the court must determine whether the complaint contains a colorable federal claim. See Arbaugh v. Y & H Corp., 546 U.S. 500, 506–07, 513 (2006). If the complaint contains a colorable federal claim, the court has subject-matter

2

jurisdiction. Id. If the complaint does not contain a colorable federal claim, the court lacks subject-matter jurisdiction. Id. In order to assess whether a claim is colorable, a court must determine whether the claim is "immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." Id. at 513 n.10 (quotations omitted). In analyzing this issue, the court must look to the substantive law concerning the purported federal claim, which in this case is Title VII. See 42 U.S.C. § 2000e-2(a)(1).

Plaintiff's complaint does not reference sex or race discrimination under Title VII. See Compl. Instead, plaintiff's complaint discusses computer problems during plaintiff's employment training and during his employment. The complaint also alleges that his supervisors did not address the computer problems or address trouble with the heating and air conditioning system. The complaint names four former ACS co-workers as defendants, mentions that ACS terminated plaintiff's employment, and asks the court to award him $150,000, to award him stock, to overturn the doctrine of employment at will, and to install a union at ACS. See id.

Plaintiff's complaint does not contain a colorable Title VII claim and is wholly insubstantial and frivolous. See Arbaugh, 546 U.S. at 513 n.10; cf. 42 U.S.C. § 2000e-2(a)(1). Title VII does not provide relief for the conduct about which plaintiff complains or against the four defendants he has named. See, e.g., Lissau v. S. Food Serv., Inc., 159 F.3d 177, 181 (4th Cir. 1998); accord Yesudian ex rel. U.S. v. Howard Univ., 270 F.3d 969, 972 (D.C. Cir. 2001) (collecting cases). Moreover, plaintiff's belated reference to alleged race and sex discrimination in his objection to the M&R cannot overcome the absence of subject-matter jurisdiction concerning the claim in his complaint.

Accordingly, plaintiff's objection to the M&R [D.E. 6] is OVERRULED, and this action is DISMISSED for lack of subject-matter jurisdiction.

SO ORDERED. This 20 day of May 2010.

JAMES C. DEVER III
United States District Judge

4